1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11 | JIDEOFOR AJAELO,                    | Case No.:  20-cv-02191-WQH (DEB)
12 |                          Plaintiff, | **REPORT AND
13 |                                      | RECOMMENDATION
14 |              vs.                     | REGARDING DEFENDANT'S
   |                                      | MOTION TO DISMISS PORTIONS
15 |                                      | OF PLAINTIFF'S COMPLAINT**
16 | J. CARRILLO,                         |
17 |                         Defendant.   | **[DKT. NO. 13]**
18

19      This Report and Recommendation is submitted to United States District Judge

20 William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(e) and

21 72.3(e).

22 **I.      INTRODUCTION**

23      Plaintiff Jideofor Ajaelo is an inmate at Centinela State Prison ("CSP"). On

24 November 9, 2020, Ajaelo filed a Complaint pursuant to 42 U.S.C. § 1983 claiming

25 Defendant CSP staff member J. Carrillo violated Ajaelo's civil rights by "initiat[ing] a

26 housing move without any regard for [Ajaelo's] safety. . . ." Dkt. No. 1 at 3. On

27
28

April 20, 2021, Defendant filed a Motion to Dismiss Portions of the Complaint. Dkt. No. 13.

For the reasons set forth below, the Court recommends GRANTING Defendant's Motion.

## II.    FACTUAL ALLEGATIONS

At all times relevant, Ajaelo was incarcerated at CSP. Dkt. No. 1 at 1. Ajaelo is a "non-affiliate," meaning he does not "affiliate with any gangs." *Id.* at 3.[1]

On April 22, 2019, Defendant told Ajaelo he "was being housed with a new cellmate," a Crip gang member referred to as "211." Dkt. No. 1 at 3. After Ajaelo explained he is a non-affiliate and, therefore, "incompatible" with 211, Defendant responded, "You guys are both Black and that nonaffiliate means you can cell up with any gang member." *Id*. Although Ajaelo was "not refusing" the placement, he told Defendant he "house[s] with non-affiliates." *Id*.

Ajaelo alleges Defendant "engaged in discrimination . . . when he initiated [the] housing move without any regard for [Ajaelo's] safety or security" and "automatically assumed that because [Ajaelo] was Black that [he] would be compatible to house with another inmate who is black and who is a member of a gang." *Id*.

On April 24, 2019, CSP moved Ajaelo to another building and tier, where he housed with a non-affiliated inmate. *Id*. That same day, Ajaelo "became aware" he received a Rule Violation Report ("RVR") for "not complying with [Defendant's] unlawful order." *Id*. A Senior Hearing Officer found Ajaelo guilty of the RVR and imposed sanctions. *Id*.

/ /

/ /

---

[1] For purposes of this Motion, the Court assumes the truth of the allegations in Ajaelo's Complaint. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) ("On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true. . . .").

### III.   PROCEDURAL BACKGROUND

On November 9, 2020, Ajaelo filed the instant Complaint alleging: (1) a violation of the Equal Protection Clause of the Fourteenth Amendment; (2) cruel and unusual punishment; and (3) retaliation. Dkt. No. 1 at 3. On January 20, 2021, the Court screened Ajaelo's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and found Plaintiff's Equal Protection claim "sufficient to surpass the low threshold for sua sponte screening." Dkt. No. 7 at 5. The Screening Order did not address Ajaelo's cruel and unusual punishment and retaliation claims, which Defendant now moves to dismiss. Dkt. No. 13. Ajaelo did not file an opposition to Defendant's Motion. *See* Dkt. No. 16 (Defendant's "Notice of Plaintiff's Non-Opposition").

### IV.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court must "construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

The Court must liberally construe a *pro se* complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity

to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

## V.   DISCUSSION

Defendant moves to dismiss Ajaelo's cruel and unusual punishment and retaliation claims "because [Ajaelo] was not subject to unconstitutional conditions of confinement, and refusing a cellmate is not protected conduct." Dkt. No. 13 at 3. Ajaelo did not oppose Defendant's Motion. Although Civil Local Rule 7.1(f)(3)(a)–(c) permits the Court to grant Defendant's Motion on this basis alone, in the interests of justice and policy favoring disposition on the merits,[2] the Court will review the sufficiency of Ajaelo's claims on their merits. *See Santos v. Smith*, No. 07-cv-0001-LAB (RBB), 2008 WL 733535, at *3 (S.D. Cal. Mar. 18, 2008) ("Although the Court may construe Santos's failure to oppose Defendant's Motion to Dismiss as a waiver of any opposition, it will nevertheless review the motion on its merits."); *Goudlock v. Thompson*, No. 08-cv-00204-BEN (RBB), 2011 WL 1167545, at *1 (S.D. Cal. Jan. 28, 2011) ("Although Civil Local Rule 7.1(f)(3)(c) provides that failure to oppose a motion may constitute consent to the granting of the motion, this Court will evaluate the merits of Defendant's Motion to Dismiss."), *report and recommendation adopted*, 2011 WL 1135140 (Mar. 29, 2011).

### A. Cruel and Unusual Punishment

Ajaelo alleges Defendant subjected him to cruel and unusual punishment by "initiat[ing] a housing move without any regard for [Ajaelo's] safety or security." Dkt. No. 1 at 3. This claim is grounded in the Eighth Amendment, which requires prison officials "take reasonable measures to guarantee the safety" of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27

---

[2] *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1454 (9th Cir. 1994) (Generally, there is a policy "favoring disposition on the merits."); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (The court is obliged to liberally construe a *pro se* party's pleadings and give the plaintiff "the benefit of any doubt" in *pro se* civil rights cases.).

(1984)). These measures include the duty "to protect prisoners from violence at the hands of other prisoners." *Id*. at 838.

To state an Eighth Amendment failure to protect claim, a plaintiff must allege facts that plausibly show: (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety (an objective test); and (2) the individual prison official he seeks to hold liable was "deliberately indifferent" to that risk (a subjective test). *Id*. at 837. To demonstrate deliberate indifference, a plaintiff must allege facts plausibly establishing "the official [was] both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he also [drew] that inference." *Id.*

Ajaelo's Complaint does not plausibly allege he faced a substantial risk of serious harm to which Defendant was deliberately indifferent. Although Ajaelo alleges he and 211 were "incompatible" based on 211's gang affiliation (Dkt. No. 1 at 3), he does not plausibly allege he suffered any serious harm from this placement or even that he faced a substantial risk of serious harm. The allegations, therefore, do not satisfy the objective component of *Farmer*. *See Ellington v. Alameida*, No. 04-cv-00666-RSL, 2010 WL 2650632, at *14 (E.D. Cal. July 1, 2010) ("[P]laintiff has failed to provide any evidence or cite any authority . . . establishing that housing a non-affiliated inmate in the same cell as a gang-affiliated inmate will inherently present 'a substantial risk' that the non-affiliated inmate will be physically assaulted or harmed. . . . Without more, plaintiff's conclusory assertions regarding the 'substantial danger' of housing gang-affiliated and non-affiliated inmates in a cell together do not satisfy the objective component of *Farmer*."), *report and recommendation adopted*,  2010 WL 11526778 (Aug. 26, 2010), *aff'd sub nom. Ellington v. Runnels*, 479 F. App'x 762 (9th Cir. 2012).

Even if a substantial risk existed, Ajaelo fails to allege Defendant acted with deliberate indifference. Ajaelo's allegation that Defendant stated, "[y]ou guys are both Black and that non-affiliate means you can cell up with any gang member" (Dkt. No. 1 at 3), does not plausibly allege Defendant was aware of a substantial risk of serious harm. Ajaelo's Complaint, therefore, also fails *Farmer's* subjective component. *See Gibson v.*

*Cnty. Of Washoe, Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002) (If a "person should have been aware of the risk, but was not, then the person has not violated the Eight Amendment, no matter how severe the risk."), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016); *Berg v. Kincheloe*, 749 F.2d 457, 459 (9th Cir. 1986) (Deliberate indifference requires "more than a mere suspicion that an attack will occur.").

Because Ajaelo has not plausibly alleged he faced a substantial risk of harm to which Defendant was deliberately indifferent, the Court recommends dismissing Ajaelo's cruel and unusual punishment claim.

## B. Retaliation

The Court liberally construes Ajaelo's retaliation claim as follows: Ajaelo told Defendant he "house[s] with non-affiliates," which Defendant interpreted as refusing a cellmate. Dkt. No. 1 at 3. Ajaelo then suffered retaliation when he was issued an RVR for "not complying to [Defendant's] unlawful order in a timely manner." *Id.* Defendant argues this claim fails because refusing to "cell with a gang member" is not protected conduct, and Ajaelo does not allege facts showing the absence of a legitimate correctional goal for issuing the RVR. Dkt. No. 13 at 7–8.

Ajaelo's claim implicates the First Amendment. *See Molloy v. Hogan*, 378 U.S. 1, 5 (1964) (The First Amendment provides "freedoms of speech, press, religion, assembly, association, and petition for redress of grievances."); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (Retaliation against prisoners for exercising their First Amendment rights is a constitutional violation.). A First Amendment retaliation claim consists of the following elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Ajaelo's claim fails because he does not plausibly allege he engaged in protected conduct (the third element). Instead, Ajaelo alleges "[he] told [Defendant] . . . [he] house[s]

with non affiliates." Dkt. No. 1 at 3. This is not protected conduct. *See Martin v. Bryant*, 2011 WL 3684469, *2 (E.D. Cal. Aug. 23, 2011) ("Plaintiff does not have a protected right under the First Amendment to refuse to cell with a specific inmate."); *Parra v. Hernandez*, No. 08-cv-0191-H (CAB), 2009 WL 799065, at *4 (S.D. Cal. Mar. 24, 2009) ("Plaintiff's refusal to share a cell does not constitute protected speech or conduct under the First Amendment."); *see also Spencer v. Torres*, No. 18-cv-8455-FMO (KK), 2018 WL 6411354, at *6 (C.D. Cal. Dec. 6, 2018) (finding plaintiff's statement to prison guard that "[i]t's a bad thing to have so much hate in your heart" not protected conduct because it did "not relate[ ] to any particular grievance or access to the courts."); *cf. Sandin v. Conner*, 515 U.S. 472, 482–83 (1995) (disapproving excessive judicial involvement in "day-to-day management of prisons").[3]

Additionally, Ajaelo alleges only that the RVR was "unwarranted." Dkt. No. 1 at 3. With no other allegations, the Court cannot plausibly infer that the issuance of the RVR did not serve a legitimate correctional goal (the fifth element). *See, e.g.*, *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) ("[M]aintaining prison discipline" serves a legitimate correctional goal.).

In sum, the facts alleged by Ajaelo do not state a plausible First Amendment retaliation claim. The Court, therefore, recommends dismissing this claim.

### C. Leave to Amend

A district court "should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). The Court can make no such finding here.

---

[3] Although "a number of courts have concluded that verbal statements made by an inmate that essentially constitute a grievance, or that indicate an intent to file a formal written grievance, are protected by the First Amendment," *Garcia v. Strayhorn*, No. 13-ev-807-BEN (KSC) 2014 WL 4385410, at *6-7 (S.D. Cal. Sept. 3, 2014), Ajaelo's statement to Defendant does not constitute either.

The Court, therefore, recommends dismissing Plaintiff's Complaint with leave to amend within thirty (30) days of the date when this Report and Recommendation, if adopted, becomes final.

### VI.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) dismissing Ajaelo's retaliation and cruel and unusual punishment claims with leave to amend.

**IT IS ORDERED** that on or before **October 12, 2021**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed and served **within seven (7) days of the filing of the objections**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:  September 21, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge

20-cv-02191-WQH (DEB)