UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIDEOFOR AJAELO,<br><br>                              Plaintiff,<br><br>v.<br><br>J. CARRILLO, Correctional Officer,<br><br>                              Defendant. | Case No.:  20-cv-2191-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Report and Recommendation issued by the Magistrate Judge (ECF No. 17), recommending that the Court grant the Motion to Dismiss Portions of the Complaint filed by Defendant J. Carrillo. (ECF No. 13).

**I.  BACKGROUND**

On November 9, 2020, Plaintiff Jideofor Ajaelo, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Complaint against Defendant J. Carrillo pursuant to 42 U.S.C. § 1983. (ECF No. 1). The Complaint alleges that Plaintiff is a "non-affiliate," meaning Plaintiff does not "affiliate with any gangs." (*Id.* at 3). The Complaint alleges that on April 22, 2019, Defendant told Plaintiff he "was being housed with a new cellmate"—a Crip gang member. (*Id.*). The Complaint alleges that Plaintiff told Defendant that he is a non-affiliate and "incompatible" with the new cellmate. (*Id.*). The Complaint alleges that

Defendant responded, "You guys are both Black and [] nonaffiliate means you can cell up with any gang member." (*Id.*). The Complaint alleges that Defendant "engaged in discrimination . . . when he initiated [the] housing move without any regard for [Plaintiff's] safety or security" and "automatically assumed that because [Plaintiff] was Black that [he] would be compatible to house with another inmate who is black and who is a member of a gang." (*Id.*).

The Complaint alleges that on April 24, 2019, Plaintiff was moved to another building and tier, where he housed with a non-affiliated inmate. The Complaint alleges that on the same day, Plaintiff received a Rule Violation Report ("RVR") for "not complying with [Defendant's] unlawful order." (*Id.*). The Complaint alleges that a Senior Hearing Officer found Plaintiff guilty of the RVR and imposed sanctions. The Complaint alleges claims against Defendant for: (1) violation of the Equal Protection Clause of the Fourteenth Amendment; (2) cruel and unusual punishment under the Eighth Amendment; and (3) retaliation.

On April 20, 2021, Defendant filed a Motion to Dismiss the cruel and unusual punishment claim and the retaliation claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 13). Plaintiff did not file any opposition to the Motion to Dismiss.

On September 21, 2021, the Magistrate Judge issued a Report and Recommendation, recommending that the Court grant Defendant's Motion to Dismiss. (ECF No. 17). The Magistrate Judge "review[ed] the sufficiency of Ajaelo's claims on their merits," even though Plaintiff did not file any opposition to the Motion to Dismiss. (*Id.* at 4). The Report and Recommendation concluded that the Complaint fails to state a claim for cruel and unusual punishment, because the "Complaint does not plausibly allege that [Plaintiff] faced a substantial risk of serious harm to which Defendant was deliberately indifferent." (*Id.* at 5). The Report and Recommendation concluded that the Complaint fails to state a claim for retaliation, because: (1) the Complaint "does not plausibly allege that [Plaintiff] engaged in protected conduct;" and (2) "the Court cannot plausibly infer [from the

allegations in the Complaint] that the issuance of the RVR did not serve a legitimate correctional goal." (*Id.* at 6-7). The Report and Recommendation recommended that the Court dismiss the cruel and unusual punishment claim and the retaliation claim with leave to amend.

On October 15, 2021, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 18). Plaintiff objects to the conclusion of the Report and Recommendation that the Complaint fails to state a claim for retaliation. Plaintiff contends that the RVR was "unwarranted," because Defendant "used the basis of [Plaintiff's] race" to issue the RVR and did not follow department policy. (*Id.* at 2-3). Plaintiff's Objections include new factual allegations and an attached exhibit to "explain the sequence of events and provide clarity" as to why "[t]here was no legitimate correctional goal" with the issuance of the RVR. (*Id.* at 1).

On October 19, 2021, Defendant filed a Reply. (ECF No. 19). Defendant contends that the Report and Recommendation correctly concluded that the Complaint fails to state a retaliation claim. Defendant contends that the "new allegations in Plaintiff's objection cannot supplement the operative complaint to state a retaliation claim." (*Id.* at 2). Defendant further contends that the Complaint does not allege facts sufficient to support an inference that Plaintiff engaged in any protected conduct or that the RVR did not serve a legitimate correctional goal.

## II.  LEGAL STANDARD

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)

(en banc) ("Neither the Constitution nor the [Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

### III. DISCUSSION

Plaintiff does not object to the conclusion of the Report and Recommendation that the Complaint fails to state a claim for cruel and unusual punishment. The Court concludes that the Report and Recommendation correctly concluded that the Complaint fails to state a claim for cruel and unusual punishment.

Plaintiff objects to the conclusion of the Report and Recommendation that the Complaint fails to state a claim for retaliation. The Report and Recommendation correctly identified the elements of a retaliation claim, and correctly applied that standard to conclude that the Complaint fails to state a retaliation claim. The Report and Recommendation concluded that that the Complaint fails to state a claim for retaliation, because: (1) the Complaint "does not plausibly allege that [Plaintiff] engaged in protected conduct;" and (2) "the Court cannot plausibly infer that the issuance of the RVR did not serve a legitimate correctional goal." (ECF No. 17 at 6-7). Plaintiff does not object to the conclusion of the Report and Recommendation that the Complaint "does not plausibly allege that [Plaintiff] engaged in protected conduct." (*Id.* at 6). Although an inmate's verbal discrimination complaints or informal prison grievances may constitute protected conduct under the First Amendment, the allegations in the Complaint do not support an inference that the RVR was issued to Plaintiff in retaliation for engaging in any protected conduct in this case. *See Jones v. Williams*, 791 F.3d 1023, 1035-36 (9th Cir. 2015); *Brodheim v. Cry*, 584 F.3d 1262, 1271 & n.4 (9th Cir. 2009). The Report and Recommendation correctly concluded that the Complaint fails to plausibly allege that Plaintiff engaged in any protected conduct.

Plaintiff objects to the conclusion of the Report and Recommendation that the Complaint does not plausibly allege that the issuance of the RVR did not serve a legitimate correctional goal. The Complaint alleges that Plaintiff received the RVR for not complying

with Defendant's order to move to a new cell with a new cellmate. The Complaint alleges that the RVR was "unwarranted." (ECF No. 1 at 3). The allegations in the Complaint do not support an inference that the RVR did not serve any legitimate correctional goal. The new allegations and documents submitted by Plaintiff with his Objections are not a substitute for factual allegations in the Complaint. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers . . . ."). The Report and Recommendation correctly concluded that the Complaint fails to plausibly allege that the RVR did not serve a legitimate correctional goal. The Court adopts the Report and Recommendation in full.

**IV.   CONCLUSION**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 17) is adopted in full.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Portions of the Complaint (ECF No. 13) is granted. Plaintiff's cruel and unusual punishment claim and retaliation claim are dismissed with leave to amend. Plaintiff shall file any amended complaint within thirty (30) days of the date of this Order.

Dated: January 3, 2022

Hon. William Q. Hayes
United States District Court