UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIDEOFOR AJAELO, <br><br> Plaintiff, <br><br> v. <br><br> J. CARRILLO, <br><br> Defendant. | Case No.: 20-cv-2191-WQH-DEB <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Amended Complaint ("Motion for Leave to Amend"), filed by Plaintiff Jideofor Ajaelo. (ECF No. 28).

## I. BACKGROUND

On November 9, 2020, Plaintiff, an inmate of Centinela State Prison ("Centinela") who is proceeding pro se, filed a Complaint against Defendant J. Carrillo, a correctional officer at Centinela. (ECF No. 1).

### A. Allegations of the Complaint

On April 22, 2019, Defendant informed Plaintiff that he would be housed with a new cellmate. (*Id.* at 3). Plaintiff, who is not affiliated with any prison gangs, asked who the

new cellmate would be, and Defendant stated "that [Plaintiff's new cellmate] is a Crip, you guys are both Black and that non affiliate means you can cell up with any gang member." (*Id.*). Although Plaintiff did not refuse the placement, Plaintiff explained that "non affiliate means that [he does not] affiliate with any gangs and that" he was not compatible with the proposed cellmate. (*Id.*). Two days later, Plaintiff was reassigned to another building and tier, and housed with another non-affiliated inmate. Plaintiff also received "an unwarranted" rule violation report ("RVR") for an unspecified offense. (*Id.*). Plaintiff was subsequently found guilty of the RVR and received an unspecified sanction.

Plaintiff alleges that the placement decision violated the Equal Protection Clause of the Fourteenth Amendment and his right to be free from cruel and unusual punishment. (*Id.*). Specifically, Plaintiff alleges that he was "racially profiled . . . when [Defendant] automatically assumed that because [Plaintiff is] Black that [Plaintiff] would be compatible to house with another inmate who is Black and who is a member of a gang . . . ." (*Id.*). Plaintiff also alleges that the RVR was issued in retaliation for his comments to Defendant. Plaintiff seeks $150,000 in compensatory damages, $150,000 in punitive damages, and an order rescinding the RVR and directing "proper training to the [D]efendant in this action." (*Id.* at 7).

**B. Procedural History**

On November 9, 2020, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2). On January 20, 2021, the Court granted Plaintiff's Motion to Proceed in Forma Pauperis, screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and found Plaintiff's Equal Protection Claim "sufficient to surpass the low threshold for sua sponte screening." (ECF No. 7 at 5).

On April 20, 2021, Defendant filed a Motion to Dismiss the Complaint's claims for cruel and unusual punishment and retaliation. (ECF No. 13).

On September 21, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the Motion to Dismiss be granted in its entirety. (ECF No. 17).

On January 3, 2022, this Court issued an Order adopting the Report and Recommendation in full. (ECF No. 20). The Court granted the Motion to Dismiss and dismissed Plaintiff's cruel and unusual punishment claim and retaliation claim with leave to amend. The Court stated that "Plaintiff shall file any amended complaint within thirty (30) days of the date of this Order." (*Id.* at 5).

On March 10, 2022, Magistrate Judge issued a Scheduling Order stating that "any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by April 11, 2022." (ECF No. 22 at 1). The Scheduling Order set a fact discovery deadline of August 5, 2022. (*Id.*).

On June 24, 2022, Plaintiff filed the pending Motion for Leave to Amend. (ECF No. 28). Plaintiff seeks leave to amend "to cure errors and add additional facts (emotional and mental damages)." (*Id.* at 1). Plaintiff attached a proposed first amended complaint alleging the same Equal Protection Clause violation that is alleged in the Complaint. (ECF No. 28-1). The proposed first amended complaint differs from the Complaint by adding a section describing Plaintiff's alleged "emotional and mental damages" resulting from Plaintiff's "dread of the real threat of being racially profiled to receive an incompatible cellmate and another RVR." (*Id.* at 6). The proposed first amended complaint also adds factual allegations concerning the sanctions Plaintiff received as a result of the RVR and the "long standing documented history across CDCR of Crips, typically from southern California, getting into scuffles, melees, riots, etc. with non affiliates from the Bay Area [such as Plaintiff]." (*Id.* at 5). The proposed first amended complaint requests the identical relief requested in the Complaint. (*Id.* at 9).

On July 8, 2022, Defendant filed an Opposition to Plaintiff's Motion for Leave to Amend. (ECF No. 30). Defendant contends that leave to amend should be denied because "Plaintiff's motion offers no justification for his proposed amendments, or his nearly twenty-month delay in seeking leave to add these new claims." (*Id.* at 1).

/ / /

/ / /

## II.   DISCUSSION

"Once [a] district court … file[s] a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control[s]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). A party seeking to amend a pleading after the pleading-amendment date specified in scheduling order must first show "good cause" for the amendment under Rule 16(b), then, if "good cause" is shown, the party must demonstrate that amendment was proper under Federal Rule of Civil Procedure 15(a). *See id*. at 608.

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id*. at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification ... [i]f that party was not diligent, the inquiry should end.'" *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, 975 F.2d at 609), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

The Scheduling Order established an April 11, 2022 deadline for seeking leave to amend a pleading. (ECF No. 22 at 1). Plaintiff's Motion for Leave to Amend, filed on June 24, 2022, is governed by the "good cause" standard in Rule 16(b). *See Johnson*, 975 F.2d at 607-08; *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (*overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc)). Plaintiff fails to address his diligence in moving for leave to amend the Complaint after the Scheduling Order's deadline for amending the pleadings. Accordingly, the Motion for Leave to Amend is denied without prejudice. *See Johnson*, 975 F.2d at 609.

### III. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Amend is denied without prejudice. (ECF No. 28).

Dated: September 12, 2022

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court