UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIDEOFOR AJAELO,<br><br>        Plaintiff,<br><br>v.<br><br>J. CARRILLO,<br><br>        Defendant. | Case No.: 20-cv-2191-WQH-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**[DKT. NO. 32]** |

## I. INTRODUCTION

Before the Court is Plaintiff's Motion to Compel Discovery seeking Defendant's further responses to two Requests for Admission. Dkt. No. 32.[1] Defendant opposes, claiming he "fully responded" to the requests. Dkt. No. 34 at 1.[2] Having considered the pleadings, the Court DENIES Plaintiff's Motion to Compel.

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

[2] Defendant also opposes Plaintiff's Motion to Compel due to Plaintiff's allegedly inadequate meet and confer efforts. Dkt. No. 34 at 2–3. The Court, however, waives the meet and confer requirements for Plaintiff, who is pro se and incarcerated, and attempted to meet and confer through his June 5, 2022 letter. *See* CivLR 1.1(d) ("[I]n any case for the convenience of the parties in interest, or in the interest of justice, a judge may waive the

## II.     LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery . . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quotation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

"A party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

## III.    DISCUSSION

At issue are Plaintiff's Request for Admission ("RFA") Nos. 1 and 2:

> **RFA No. 1**: Admit that the State of California Memorandum dated October 7, 1998, "Use of Force Review Committee (Instructional Memorandum #1)" is a genuine document. (Please see Exhibit A pp. 1–5).
>
> **RFA No. 2**: Admit that the State of California CDCR 1882 forms titled Initial Housing Review dated September 19, 2007 and July 20, 2010 are genuine documents. (Please see Exhibit B pp. 1–4).

Dkt. No. 32 at 11.

---

applicability of these rules."); *see also Moore v. Lankford*, No. 19-cv-2406-DMS-BLM, 2020 WL 6262379, at *2 (S.D. Cal. Oct. 22, 2020) ("Plaintiff did not comply with the meet and confer requirements prior to filing the instant motion but the Court declines to deny Plaintiff's motion on this ground.").

2

Following the filing of Plaintiff's Motion to Compel,[3] Defendant served Plaintiff amended responses:

> **Amended Response to RFA No. 1**: Defendant objects to this request on the grounds that it is vague and ambiguous as to the terms "the State of California Memorandum dated October 7, 1998" and "a genuine document." Defendant also objects to the request on the grounds that it is unduly burdensome and oppressive because it requires Defendant to admit or deny the genuineness of a document that he did not generate or for which he is not a custodian of record. Defendant further objects to this request on the grounds that it calls for speculation. Defendant further objects to this request because it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. Without waiving said objections, Defendant responds as follows: after a reasonable search of documents in his possession, Defendant is unable to admit or deny this request, and based on that denies the request.
>
> **Amended Response to RFA No. 2**: Defendant objects to this request on the grounds that it is vague and ambiguous as to the terms "the State of California CDCR 1882 forms titled Initial Housing Review dated September 19, 2007 and July 20, 2010" and "genuine documents." Defendant also objects to the request on the grounds that it is unduly burdensome and oppressive because it requires Defendant to admit or deny the genuineness of a document that he did not generate or for which he is not a custodian of record. Defendant further objects to this request on the grounds that it calls for speculation. Defendant further objects to this request because it seeks information that is not relevant to

---

[3] The Court is mindful of the fact Defendant amended these responses only after Plaintiff filed a motion to compel. Dkt. No. 32-4 at 3–4 (Defendant's Original Responses). Withholding documents or providing inadequate responses to discovery requests until the other side institutes ligation over the matter may result in the Court relying solely on the initial response in deciding the matter and other relief the court deems just. *See* Fed. R. Civ. P. 37(c)(1)(C); s*ee also* Fed. R. Civ. P. 37(a)(5)(A) advisory committee's note to 1993 amendment (The payment of expenses provision in Rule 37 was "revised to cover the situation where information that should have been produced without a motion to compel is produced after the motion is filed but before it is brought on for hearing.").

>any party's claims or defenses and is not proportional to the needs of the case. Without waiving said objections, Defendant responds as follows: Defendant admits that AGO 00101–2, produced here with this response, is a genuine copy of CDCR 1882 form from Plaintiff's C-File titled Initial Housing Review dated July 20, 2010. Defendant also admits that AGO 00103–4, produced here with this response, is a genuine copy of CDCR 1882 form from Plaintiff's C-File titled Initial Housing Review dated September 19, 2007.

Dkt. No. 34-2 at 3–4.

Boilerplate objections aside,[4] Defendant's amended response to RFA No. 1 satisfies Rule 36. Defendant's amended response neither admits nor denies RFA No. 1, and Defendant asserts he has conducted a reasonable search. *See* Fed. R. Civ. P. 36(a)(4).

Defendant admits RFA No. 2, which moots Plaintiff's request for further response.

## IV. CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion to Compel. Dkt. No. 32.

**IT IS SO ORDERED.**

Dated: September 14, 2022

Honorable Daniel E. Butcher
United States Magistrate Judge

---

[4] Defendant's boilerplate objections (e.g., asserting disproportionality to authenticate two documents) are disfavored and improper. *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (where the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all"). Defendant's conditional responses (i.e., "[w]ithout waiving said objections") are also improper and constitute a waiver of the objections. *See Fay Ave. Properties, LLC v. Travelers Prop. Cas. Co. of Am.*, No. 11-cv-2389-GPC-WVG, 2014 WL 2965316, at *1 (S.D. Cal. July 1, 2014); *see also Herrera v. AllianceOne Receivable Mgmt., Inc.*, No. 14-cv-1844-BTM-WVG, 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016) ("Providing conditional responses to discovery requests is improper, the objections are deemed waived, and the response to the discovery request stands.").